UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH S. GRAY,

    Plaintiff,

v.

                                  Case No. 1:24-cv-580

                                  Hon. Hala Y. Jarbou

DEPARTMENT OF VETERANS
AFFAIRS, et al.,

    Defendants.
_____/

**ORDER**

On July 1, 2024, the magistrate judge issued a Report and Recommendation ("R&R") recommending that the Court dismiss Plaintiff's complaint for failure to state a claim. (R&R, ECF No. 8.) Before the Court are Plaintiff's objections to the R&R. (ECF No. 9.) For the reasons below, this Court will adopt the disposition recommended by the R&R and dismiss the case.

Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been *properly* objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3) (emphasis added).

**I.   Report and Recommendation**

The magistrate judge issued a report and recommendation, recommending that the Court dismiss Plaintiff's complaint. Plaintiff, a federal prisoner, sued the Department of Veterans Affairs, Winn Trust Mortgage, Barrington Bank, Trott P.C., attorney Heide M. Myszack, Nation Star Mortgage, LLC, attorney Dexter Honeycutt, Kenneth E. Kurel, and the Van Buren County Register of Deeds. (Compl., ECF No. 1.) The magistrate judge conducted an initial screening of

Plaintiff's complaint under 28 U.S.C. § 1915(e)(2). The R&R recommends that the Court dismiss Plaintiff's complaint because it fails to state a claim on which relief can be granted. Specifically, the magistrate judge found no basis for the complaint: "[The complaint] provides no indication as to why Plaintiff is suing the Defendants. While the Court is obligated to construe Plaintiff's pro se pleading liberally, it is not required to speculate about the claims Plaintiff might be asserting." (R&R 3.)

## II.     Legal Standards

Because Plaintiff proceeds pro se, the Court must liberally construe his pleadings and objections. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). But this liberal standard "is not without its limits, and does not 'abrogate basic pleading essentials in pro se suits.'" *Clark v. Johnston*, 413 F. App'x 804, 817 (6th Cir. 2011) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). A pro se complaint is subject to dismissal if the Court cannot reasonably read the pleadings to state a valid claim on which relief can be granted. *See Young Bey v. McGinnis*, No. 98-1930, 1999 WL 776312, at *1 (6th Cir. Sept. 23, 1999). Further, "[d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments." *Wright v. Lapushansky*, No. 4:12-cv-372, 2012 WL 2568081, at *19 (N.D. Ohio June 29, 2012) (citing *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)); *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Federal Rule of Civil Procedure 8(a) provides that for a pleading to a state claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction as well as a short and plain statement of the claim and demand for relief sought. Fed. R. Civ. P. 8(a). In like manner, Rule 8(d) requires that each allegation in the pleading be concise and direct. Fed. R. Civ. P. 8(d). And a claim must be dismissed for failure to state a claim on which relief may be granted

2

unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted). As the Supreme Court has held, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

Proper objections require specificity. Objections to a magistrate judge's report and recommendation "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Thomas v. Arn*, 474 U.S. 140, 142, 147 (1985) (explaining that the purpose of objections is to "focus attention on those issues . . . that are at the heart of the parties' dispute"). If a plaintiff does not file a specific objection to a report and recommendation, or if the objection does not point out the specific problems the report has, it is not considered a proper objection. *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004); *see also Owens v. Comm'r*, No. 6:23-cv-6036, 2024 WL 1095747, at *2 (W.D. Ark. Mar. 13, 2024) ("Even construing Plaintiff's pro se objection liberally, the Court does not find that Plaintiff's scattered and incoherent objection is sufficiently specific to require a *de novo* review[.]"); *United States v. Thornton*, No. 5:17-26-KKC-HAI-3, 2022 WL 212823, at *7-8 (E.D. Ky. Jan. 24, 2022) ("The Court will not come up with a legal theory and accompanying evidence . . . on its own just because [plaintiff] fails to provide them."). When an objection lacks

3

specificity, it lacks effect: an objection that does not explain its grounds is forfeited. *Wesley Corp. v. Zoom T.V. Prods., LLC*, No. 17-10021, 2018 WL 372700, at *10 (E.D. Mich. Jan. 11, 2018).

## III. Plaintiff's Objections

Plaintiff has filed 41 pages of objections to the magistrate judge's R&R. But many of these objections raise arguments, claims, and issues that he did not raise in his complaint. "[T]he Sixth Circuit has generally articulated that 'issues raised for the first time in objections to [a] magistrate judge's report and recommendation are deemed waived.'" *Morgan v. Trierweiler*, 67 F.4th 362, 367 (6th Cir. 2023) (quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)); *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (providing that arguments or evidence raised "for the first time in objections to magistrate judge's report and recommendation are deemed waived").

Here, Plaintiff asserts arguments and claims that the magistrate judge could not address because Plaintiff did not allege them in the complaint. In his objections, Plaintiff alludes to a habeas petition and writ of coram nobis. To the extent that Plaintiff raises a habeas petition and writ of coram nobis, the Court does not consider them; they are new arguments raised for the first time. *See, e.g., Steele v. Jenkins*, No. 17-4171, 2018 WL 2144073, at *9 (6th Cir. Mar. 5, 2018) (holding that plaintiff waived review of a claim he presented for the first time in his objections to the magistrate judge's report and recommendation). Plaintiff also asserts many more nonsensical arguments in his 41-page long chronicle that he did not raise in his complaint. Thus, Plaintiff effectively waived this Court's review of his habeas, coram nobis, and other miscellaneous arguments.

The Court now addresses objections to arguments and issues Plaintiff presented to the magistrate judge. Liberally construing Plaintiff's lengthy and largely incoherent objections, the

4

Court finds that Plaintiff lodges six arguments, none of which have any merit. The Court addresses each in turn.

First, Plaintiff objects that he did state a claim on which relief can be granted. Plaintiff argues that liberally construing and using the "common sense doctrine" his complaint "relates specifically to a post-conviction 'inornate delay' of criminal case errors and action or non action, violations, arbitrary, capricious, and abuse of discretion employed against him." (Pl.'s Objs., PageID.261.) The Court disagrees. His complaint provides no rhyme or reason as to why he is suing Defendants. Nor does it provide any factual allegations or even a hint as to what the lawsuit is about. This is true even when viewing Plaintiff's complaint liberally. Thus, the Court overrules Plaintiff's first objection.

Second, Plaintiff objects because "the US Attorney violated consumer protection rights" when it allowed the government to put a lien on his property. (Pl.'s Objs., PageID.264.) Plaintiff does not plainly state what consumer protection rights the U.S. Attorney violated. Nonetheless, the Court infers a Fair Debt Collection Practices Act ("FDCPA") violation, since Plaintiff mentions the FDCPA in passing. (*Id.*, PageID.266.) Plaintiff cannot maintain a successful FDCPA claim against the U.S. Attorney because the United States and its agencies are immune from suits. *Loeffler v. Frank*, 486 U.S. 549, 554 (1988). And Congress did not waive sovereign immunity by enacting the FDCPA. *See Ha v. Dep't of Educ.*, 580 F. Supp. 2d 45, 47 (D.D.C. 2010). Thus, the U.S. Attorney is entitled to immunity, and Plaintiff fails to state a claim under the FDCPA. The Court overrules Plaintiff's second objection.

Third, he claims that the government deprived him of his property without adequate due process when it issued the lien on his property. (Pl.'s Objs., PageID.264-267.) To establish a procedural due process violation, the plaintiff must demonstrate: "(1) that he had a life, liberty or

5

property interest protected by the Due Process Clause of the [Fifth Amendment]; (2) that he was deprived of that protected interest within the meaning of the due process clause; and (3) that the defendants did not afford him adequate procedural rights before depriving him of his protected interest." *Howard v. Mgmt. & Training Corp.*, No. 13-3443/4184, 2014 WL 12971771, at *6 (6th Cir. Nov. 14, 2014) (internal quotations omitted); *see Kaminski v. Coulter*, 865 F.3d 339, 347 (6th Cir. 2017) ("In a procedural-due-process claim, 'the deprivation of property by state action is not itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*.'") (quoting *Christophel v. Kukulinsky*, 61 F.3d 479, 485 (6th Cir. 1995)).  Plaintiff fails to make a prima facie procedural due process claim.  Plaintiff's complaint and objections do not allege that the government did not afford him adequate procedural rights.  As a result, Plaintiff misses a critical element.  The Court overrules Plaintiff's third objection.

Fourth, Plaintiff claims that the Western District of Michigan did not have subject matter jurisdiction over his criminal case.  (Pl.'s Objs., PageID.277-279.)  "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against laws of the United States." 18 U.S.C. § 3231.  Plaintiff was convicted of federal offenses: Conspiracy to Defraud the Government (18 U.S.C. § 286), False Statements to the Veterans Administration (18 U.S.C. § 1001(a)(2)); Theft of Government Funds (18 U.S.C. § 641); and False, Fictitious, or Fraudulent Claim (18 U.S.C. § 287).  (J. as to Def. Joseph Scott Gray, *United States v. Gray*, No. 1:20-cr-99 (W.D. Mich. Sept. 15, 2022), ECF No. 140, PageID.1006-1007.) "[N]othing can be clearer than that the district court . . . has jurisdiction of all crimes cognizable under the authority of the United States[.]" *Lamar v. United States*, 240 U.S. 60, 65 (1916).  The Court overrules Plaintiff's fourth objection.

Fifth, Plaintiff claims that the magistrate judge failed to review his complaint's attachments. (Pl.'s Objs., PageID.266.) However, the R&R plainly states "Plaintiff has attached several sets of documents to the complaint, some of which concern a claim that Plaintiff has submitted to the Department of Veterans Affairs. Other documents appear to relate to Plaintiff's criminal case, and perhaps appeals or post-conviction proceedings in that case." (R&R 1-2.) As the magistrate judge concluded, the jumble of documents does not support any finding that Plaintiff has alleged a claim on which relief can be granted. (*Id.*) Again, it is not the Court's job to guess at the nature of Plaintiff's claims. *Erwin*, 22 F. App'x at 580; *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Petromili v. May*, No. 1:19-cv-0119-JGC, 2022 WL 22726852, at *2 (N.D. Ohio May 17, 2022) (holding that three pages of rambling, largely incoherent claims that do not cite to any specific portion of, or finding made in the R&R is sufficient reason to overrule the objections). The Court overrules Plaintiff's fifth objection.

Sixth, Plaintiff objects that the magistrate failed to address his *Brady* violation. (Pl.'s Objs., PageID.252-253.) "A *Brady* violation requires three elements: (1) '[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching'; (2) 'th[e] evidence must have been suppressed by the State, either willfully or inadvertently'; and (3) 'prejudice must have ensued.'" *United States v. Rafidi*, 829 F.3d 437, 447 (6th Cir. 2016) (quoting *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999)). Here, Plaintiff does not specifically state what evidence was suppressed, nor how such evidence was favorable to him. Further, he does not allege what prejudice ensued from suppression of that evidence. The Court overrules Plaintiff's sixth objection.

## IV. Conclusion

The Court overrules all of Plaintiff's objections. The Court will adopt the R&R and dismiss this matter for failure to state a claim on which relief can be granted. The Court also concludes

7

that an appeal of this action would not be in good faith and any issue Plaintiff might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Accordingly,

**IT IS ORDERED** that Plaintiff's objections (ECF No. 9) to the R&R are **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 8) is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that the Court **CERTIFIES** that an appeal would not be taken in good faith.

A judgment will enter in accordance with this Order.

Dated: October 24, 2024                  /s/ Hala Y. Jarbou
                                          HALA Y. JARBOU
                                          CHIEF UNITED STATES DISTRICT JUDGE